**MODIFY and AFFIRM; and Opinion Filed May 24, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00595-CR
No. 05-18-00600-CR

**TOREY DONOVAN WHITE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-24700-M, F17-24701-M**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Osborne

Appellant Torey Donovan White appeals his convictions for evading arrest or detention while using a vehicle and unlawful possession of a firearm by a felon (UPFF). Appellant also pleaded true to two enhancement paragraphs contained in each indictment. After finding appellant guilty and the enhancement paragraphs true, the trial court assessed punishment at twenty-five years' imprisonment in each case.

On appeal, appellant's attorney filed a brief in which he concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). Counsel

delivered a copy of the brief to appellant. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel).

Appellant filed a pro se response raising several issues. After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeals are frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We find nothing in the record that might arguably support the appeals.

Although not an arguable issue, we note the judgments incorrectly recite there were plea bargain terms in these cases. The record, however, shows appellant entered open pleas of guilty to the charges in the indictments and pleas of true to the enhancement paragraphs. Accordingly, on our own motion, we modify the section of each judgment entitled "terms of plea bargain" to show "open." TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (courts of appeals have authority to modify a judgment); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.) (same).

As modified, we affirm the trial court's judgments.


/Leslie Osborne/
LESLIE L. OSBORNE
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

180595F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TOREY DONOVAN WHITE, Appellant

No. 05-18-00595-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-24700-M.
Opinion delivered by Justice Osborne.
Justices Schenck and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 24th day of May, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TOREY DONOVAN WHITE, Appellant

No. 05-18-00600-CR            V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F17-24701-M.
Opinion delivered by Justice Osborne.
Justices Schenck and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 24th day of May, 2019.